UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES G. SARAH,

    Petitioner,

v.                                     Case No. 2:03-cv-139
                                                HON. GORDON J. QUIST

BARBARA BOUCHARD, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner James G. Sarah filed this petition for writ of habeas corpus challenging the validity of his misconduct guilty finding for destruction of property. Petitioner asserts that respondent violated his equal protection and due process rights by falsely convicting him of the misconduct violation. Petitioner claims that officer Denman broke the cell door window and then issued a false misconduct ticket against plaintiff for destruction of property. Petitioner claims that his equal protection and due process rights were violated, that no evidence exists to support the misconduct conviction, and that the hearing officer was biased and partial. Petitioner claims that the misconduct ticket was written in retaliation for petitioner's lawsuit. The hearing officer found petitioner guilty of the misconduct. Petitioner's request for a rehearing was denied because petitioner's due process rights were protected during the hearing and a rehearing would not be granted simply to second guess the hearing officer's findings. Petitioner alleges that the state courts refused to review the administrative decision because he had failed to pay outstanding fees and costs owed to the court.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite

to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

Although it appears that petitioner has procedurally defaulted his claims because he failed to pay costs and fees owed to the state courts, petitioner's claim clearly lacks merit. Petitioner

- 3 -

is not entitled to habeas relief because his misconduct hearing did not violate the constitution. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (19 ). Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Petitioner has failed to show that his constitutional rights were violated at his misconduct hearing.

Moreover, the hearing officer's conclusion that petitioner was guilty of the misconduct charge was supported by the record. The hearing officer stated:

> On 1/6/03 it was discovered that the prisoner had broken his cell door window. This is destruction of property. This was done intentionally due to the amount of damage to the window. The cost of repair is $78.00, of which $34.00 is materials. Prisoner claims he did not break the window, but the officer did. Prisoner is not believed in his claims. First, the breakage does not appear to be consistent with the prisoner's claims. It appears that the point of impact is more diffuse than what would be expected with a pair of handcuffs. Second, the prisoner's claims do not have the ring of truth. It makes little sense that the officer would use his cuffs to deliberately break the prisoner's cell window – in front of the security camera and the bubble officer. Third, prisoner's failure to give a statement as to what had happened until the date of the hearing – which happens to be the 14th business day – certainly did nothing for his credibility. Neither did his failure to request the bubble officer or sergeant who had just been on the wing as witnesses nor his failure to request the unit video do anything for his claims. Prisoner's window was broken and he is not believed that the officer did it to get the prisoner to drop a lawsuit. Officer factual and credible in his claims and supported by the photo. Charge upheld.

It is clear that petitioner received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Petitioner received due process and cannot show that the hearing officer was biased, or that the misconduct ticket was issued improperly. Petitioner has failed to show that his constitutional rights were denied.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Petitioner cannot show that he due process or constitutional rights were violated by the issuance of the misconduct ticket or the by the hearing officer's finding. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

*NOTICE TO PARTIES*: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
      TIMOTHY P. GREELEY  
      UNITED STATES MAGISTRATE JUDGE

Dated: March 15, 2005